UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELVIN GENAO,

                Plaintiff,

-against-

9TH PRECINCT, 10TH PRECINCT,

                Defendants.

19-CV-3403 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff filed this action *pro se*. By order dated June 6, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

Plaintiff brings this action, styled as a criminal complaint, seeking criminal charges against Defendants 9th Precinct and 10th Precinct. Attached to this criminal complaint is another criminal complaint against the 5th Precinct and the 7th Precinct. The complaints state:

STALKING 1ST DEG, AGGRAVATED HARASSMENT 1ST DEG, CYBER STALKING, MALICIOUS PERSECUTION 1ST DEG, SLANDER, DEFEMATION [sic] OF CHARACTER, ,[sic] COLLUSION, COMPUTER HACKING, child endangerment, kidnapping, CRIMIMNAL [sic] THREATS 1ST DEG, ECONOMIC ESPIONAGE ACT, Act/Theft of trade secrets/ intellectual property crimes/Securities and Cocmmodities [sic] Fraud/ IDENTITY Theft, DOMESTIC TERRORISM, OBSTRUCTION OF JUSTICE 1ST DEG, ASSAULT 1ST DEG, NEGLGIGENT [sic] HOMICIDE 1ST DEG, TEASON, HERESY, AMENDMENT V, VI, VIII, XVI, ROME STATUTE, PURSUIT OF HAPPINESS.

(ECF No. 1 at 1, 2.)

Beginning December 18, 2018, Plaintiff has filed 29 complaints in this Court. On February 25, 2019, the Court warned Plaintiff that further duplicative or frivolous litigation in this Court could result in an order barring him from filing new civil actions *in forma pauperis* without prior permission under 28 U.S.C. § 1651. *See Genao v. Guanilo*, No. 18-CV-12059 (LLS) (S.D.N.Y. Feb. 25, 2019) (ECF No. 8 at 5). By order dated May 3, 2019, a subsequent complaint was dismissed for failure to state a claim, and Plaintiff was ordered to show cause why he should not be barred under 28 U.S.C. § 1651 from filing any further actions in this Court IFP without first obtaining permission from this Court to file his complaint. *See Genao v. St. Paul's Church*, No. 19-CV-2704 (CM) (S.D.N.Y. May 3, 2019). This action was filed after the Court's warning was issued, but before Plaintiff was ordered to show cause why he should not be barred under 28 U.S.C. § 1651. The Court's warning remains in effect.

**DISCUSSION**

As Plaintiff has been repeatedly informed, he cannot initiate the arrest and prosecution of an individual or entity in this Court because private citizens cannot prosecute criminal actions in federal court. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Plaintiff also cannot direct prosecuting attorneys to initiate a criminal proceeding

2

because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). The Court therefore dismisses Plaintiff's complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk is directed to reassign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a), is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: June 6, 2019
New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.